CAMPBELL *v.* JAMES and others.

(*Circuit Court, S. D. New York.* ———, 1880.)

**1.** POSTMASTER — "OFFICER OF THE REVENUE" — REV. ST. § 989. — A postmaster is not an "officer of the revenue" within the meaning of section 989 of the Revised Statutes.

Motion to grant a Certificate under section 989 of the Revised Statutes.

*Stewart L. Woodford,* District Attorney, and *Samuel B. Clarke,* Assistant District Attorney, for the motion.

*Marcus P. Norton,* opposed.

BLATCHFORD, C. J. This is a suit in equity for the infringement of a patent. A final decree has been entered in it

adjudging that the plaintiff recover from the defendant James, personally, a sum of money for such infringement, and awarding execution against him personally therefor.* The infringement was committed by the use by the defendant James, in the post-office at the city of New York, while he was postmaster there, and in the business of such post-office, of an apparatus for stamping letters with a postmark and cancelling postage-stamps, in infringement of said patent. On behalf of the defendant James a motion is now made to this court to grant a certificate under section 989 of the Revised Statutes of the United States. That section is as follows: "When a recovery is had in any suit or proceeding against a collector or other officer of the revenue for any act done by him, or for the recovery of any money exacted by or paid to him, and by him paid into the treasury, in the performance of his official duty, and the court certifies that there was probable cause for the act done by the collector or other officer, or that he acted under the direction of the secretary of the treasury or other proper officer of the government, no execution shall issue against such collector or other officer, but the amount so recovered shall, upon final judgment, be provided for and paid out of the proper appropriation from the treasury."

The first question which arises is whether the defendant James, as such postmaster, was such an officer of the revenue as is meant by the expression, "other officer of the revenue," in the section. The section is taken from section 12 of the act of March 3, 1863, (12 U. S. St. at Large, 741.) Such section 12 was in these words: "In all suits or proceedings against collectors or other officers of the revenue for any act done by them, or for the recovery of any money exacted by or paid to such officer and by him paid into the treasury of the United States, in the performance of his official duty, in which any district or other attorney shall be ordered to appear on behalf of such officer by the secretary or solicitor of the treasury or by any other proper officer of the government, such attorney shall be allowed such compensation for his services

*See *Campbell* v. *James*, 1 FED. REP. 338.

therein as shall be certified by the court in which such suit or proceeding shall be had to be reasonable and proper, and approved by the secretary of the treasury; and where a recovery shall be had in any such suit or proceedings, and the court shall certify that there was probable cause for the act done by the collector or other officer, or that he acted under the directions of the secretary of the treasury or other proper officer of the government, no execution shall issue against such collector or other officer, but the amount so recovered shall, upon final judgment, be provided for and paid out of the proper appropriation from the treasury." So much of said section 12 as is not to be found in section 989 of the Revised Statutes is found in sections 827 and 834.

The above section 989 is found in title 13 of the Revised Statutes, entitled "The Judiciary," and in chapter 15 thereof, entitled "Procedure." It is provided by section 5575 of the Revised Statutes that the 73 titles thereof embrace the statutes of the United States, general and permanent in their nature, in force on the first day of December, 1873, as revised and consolidated by commissioners appointed under the act of June 27, 1866, (14 U. S. St. at Large, 74.) Section 5600 of the Revised Statutes provides that "the arrangement and classification of the several sections of the Revision have been made for the purpose of a more convenient and orderly arrangement of the same, and therefore no inference or presumption of a legislative construction is to be drawn by reason of the title under which any particular section is placed."

The act of March 3, 1863, is entitled "An act to prevent and punish frauds upon the revenue, to provide for the more speedy and certain collection of claims in favor of the United States, and for other purposes." In section 2 are found the words "frauds upon the revenue;" in sections 3, 4 and 6 the words "any officer of the revenue;" in section 5 the words "the revenue laws;" in section 7 the words "any fraud on the revenue;" in section 11 the words "the revenue laws;" and in sections 12 and 13 the words "collectors or other officers of the revenue."

It is clear that the word "revenue," in all these forms of expression, means only the revenue from customs. The act does not relate to revenue from any other source. So far as it relates to revenue from any source it relates only to revenue from customs. The words "officers of the revenue," in section 12, mean officers of the revenue from customs. The words "officers of the revenue" in section 989 of the Revised Statutes, which is a mere revision or reprint of section 12 of the act of 1863, can have no different meaning from what it would have had if there had been no revision or reprint. Under said section 12 the words "other officers of the revenue" would never have been construed to mean a postmaster. Therefore, they cannot be so construed in section 989 of the Revised Statutes. The revision cannot change the meaning of the same words by displacing the enactment from the connection in which congress originally placed it.

This is the view held by the post-office department itself; for, in the report of the postmaster general to the president, of November 8, 1879, reference is made to this suit, and to the decision on it, by the interlocutory decree, adverse to the defendant James, and it is stated that "there is no provision of federal law to secure 'certificates of probable cause' to United States officials, other than treasury officials, in cases of adverse judgments for acts done in their official capacity."

This is, unquestionably, a correct view. For what acts done in their official capacity "treasury officials" may have certificates granted to them, under the statute, and whether such acts can ever include the act of infringing a patent, are questions not involved in this case.

The motion is denied, on the ground above stated.